IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION
:
v. :
:
NYHEAM JONES : NO. 06-238

MEMORANDUM

Bartle, J.                                              August 30, 2012

         Before the court is the motion of defendant Nyheam Jones ("Jones") for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines.

         Defendant pleaded guilty to the following counts of the indictment: (1) Count One, possession with intent to distribute five grams or more of cocaine base ("crack"); (2) Count Two, possession of a firearm in furtherance of a drug trafficking crime; and (3) Count Three, possession of a firearm after a felony conviction. See 18 U.S.C. § 841(a)(1); 21 U.S.C. §§ 922(g)(1), 924(c)(1). Counts One and Two each carried a mandatory-minimum sentence of 60 months of imprisonment. On October 26, 2006, Judge Bruce W. Kauffman sentenced Jones to 70 months of imprisonment on each of Counts One and Three of the indictment to be served concurrently, plus a consecutive 60 months of imprisonment on Count Two for a total term of imprisonment of 130 months.

In 2008, Jones moved for a reduction in sentence pursuant to Amendment 706 of the Sentencing Guidelines, which lowered the base offense levels for most crack cocaine offenses. This court denied the motion on the grounds that Jones had a violent criminal history and had committed several disciplinary violations while incarcerated.

Jones now moves for a reduction in sentence pursuant to Amendment 750 of the Sentencing Guidelines, which further lowered the base offense levels applicable to most crack cocaine offenses. The parties agree that, under that amendment, Jones's term of imprisonment would be reduced by ten months.

Since the time that his first motion was denied, Jones received his GED and was anticipated to complete an associate degree with honors in May, 2012. Jones also passed the West Virginia State Electrical Examination. He has served as a group fitness instructor at the prison and has incurred no further disciplinary infractions. In light of his significant progress towards rehabilitation, Jones is now entitled to a reduction of ten months to his term of imprisonment under Amendment 750. See 18 U.S.C. § 3553(a).

Accordingly, the motion of defendant for a modification of sentence will be granted and we will reduce his total sentence by ten months to a term of imprisonment of 120 months.